JOHN PYPER *vs.* JOSIAH A. WHITMAN.

JUNE 16, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Unrecorded Plat Used in Sale of Land. Easements. Ways.*

Where there is no grant of a right of way by express terms in a deed or by reference to the plat and no claim of a right of way acquired by implication by reason of any actual existing way in use as an apparent and continuous easement and no claim of a right of way by necessity, a grantee acquires no right of way in a street delineated upon an unrecorded plat used by grantor

in advertising and selling his land, merely by the exhibition to grantee of the plat prior to the sale of the land to him, on which plat there was a street delineated and shown under the name of Conimicut avenue, and on which the land purchased by grantee abutted, and therefore grantee is not entitled in equity to have the way opened and laid out as shown upon said plat.

BILL IN EQUITY. Heard on appeal from decree of Superior Court, and appeal dismissed.

PARKHURST, J. This is a bill in equity brought by the complainant against the respondent, alleging:

1. That the complainant on the first day of November, 1898, bought of the respondent by warranty deed, the real estate described in the first paragraph of the bill.

2. That at the time of the purchase, the real estate described in the bill with other real estate belonging to the respondent adjacent thereto and forming a part thereof, had been platted by the respondent into house lots; that the plat entitled "Conimicut Plat, Warwick, R. I., the property of Josiah A. Whitman, 1875," showed certain streets thereon, and among them Beach avenue, Conimicut avenue, and Woodland avenue; that a lithographic copy of said plat, with slight changes, was issued subsequent to the original plat.

3. That said plat was never recorded, nor was said lithographic copy thereof ever recorded by said respondent.

4. That said lithographic copy of said plat was issued and delivered by said respondent to many residents of Warwick, including the complainant, and was used by the respondent extensively in advertising said land for sale by posting the plat in divers public places in the town.

5. That at the time the complainant purchased the said real estate, the respondent exhibited to the complainant the lithographic copy of the original plat and represented and stated to the complainant that the real estate described in the first paragraph of this bill was included in said plat, and that said real estate was a part of the respondent's real estate shown upon the plat; that said respondent at the time of said purchase, represented to the complainant that all of said streets

and avenues designated upon said plat would be laid out and opened up for public use as shown on said plat.

6. That said complainant, acting upon the representations and allegations of the respondent as to said plat, purchased said real estate and paid a large price therefor, and that the value of said real estate depended at that time and depends now largely upon the opening and dedicating of said streets and avenues upon which said real estate bounds, in accordance with said plat; that the complainant's real estate would be much less valuable unplatted than platted.

7. That said complainant is informed and believes that said respondent has decided to abandon Conimicut avenue as laid out on said plat, and in pursuance of such determination has replatted his land to the west of said complainant's above described real estate and has removed Conimicut avenue or laid out a new street or avenue called Conimicut avenue, one hundred (100) feet west of Conimicut avenue as laid out on said plat, leaving said complainant's land on the westerly line immediately joining said respondent's land not having Conimicut avenue separating said complainant's and said respondent's land as shown on said plat.

8. That by replatting his said land and removing Conimicut avenue as aforesaid, said respondent deprives said complainant of egress and ingress to and from his real estate on the west to Conimicut avenue as originally laid out, and said complainant alleges that this action of removing Conimicut avenue renders the complainant's land less valuable than it would otherwise be.

The complainant prays:

1. That the respondent may be enjoined from recording any plat which he may have made or caused to be made since the date of said complainant's deed, wherein and whereby the lines of said Conimicut avenue have been changed.

2. That a decree of this court may be made declaring and establishing Conimicut avenue as a way or street as laid out and defined upon said plat for the benefit of said complainant's real estate and all other real estate bounding upon said avenue.

3. That the respondent be restrained and enjoined from

selling, conveying, mortgaging or otherwise encumbering any of the land included within the line of said Conimicut avenue as laid out on said plat above referred to.

The respondent demurred to the bill of complaint, his demurrer being as follows:

"First. It does not appear that said sale and conveyance of said real estate by the respondent to the complainant, and said other alleged acts of the respondent, or any of them, were fraudulent or unlawful, or that the complainant is entitled to relief on account thereof.

"Second. It does not appear that the alleged abandonment of Conimicut avenue, and the alleged replatting of land, by the respondent, or either of said acts, would be fraudulent or unlawful, or that the complainant is entitled to relief on account thereof.

"Third. It appears that neither of said plats mentioned in the second paragraph of said bill was recorded.

"Fourth. The description of said premises, set out in said bill, does not mention either of said plats, nor said Conimicut Avenue, nor Woodland Avenue; nor does it appear that either of said plats, or avenues, was mentioned in said deed.

"Fifth. So far as appears, said Beach Avenue was a street or highway laid out upon the ground before the making of said conveyance, and before the alleged making and issuing of said plats; and still continues so to be.

"Sixth. Said bill does not set out a valid agreement or undertaking by the plaintiff to lay out and open the streets and avenues delineated upon said alleged lithographic copy of said alleged original plat, mentioned in the fifth paragraph of said bill.

"Seventh. So far as appears, said deed of conveyance is complete and perfect, and defines all the rights of the complainant in the premises."

The Presiding Justice of the Superior Court, after hearing upon the demurrer, sustained the same, and entered a final decree dismissing the bill; and from that decree this appeal is taken by the complainant.

Counsel for complainant frankly admits in his brief, that he has been unable to find any decided case which sustains his bill. Nor has any case been cited upon argument before this court, or brought to our attention in any way, which will sustain the complainant's contentions.

The deed to the complainant is of a single tract or parcel of land by metes and bounds; and the only way or road mentioned in the deed is called Beach avenue, which was apparently a public traveled way, and is the easterly boundary of the tract. There is no mention of Conimicut avenue in the deed; nor is there anything to show that Conimicut avenue was ever laid out or used as a way either public or private, or in connection with this land deeded to the complainant, or with any other land of the complainant's grantor. It is not claimed by the complainant as a way of necessity; although he does claim that, if it were laid out as delineated on the plat exhibited to him and others, before he received his deed, it would be of great convenience to him, and would greatly enhance the value of his land.

(1)    There being, then, no grant of a right of way by express terms by the deed, or by reference to the plat, no claim of a right of way acquired by implication by reason of any actual existing way in use as an apparent and continuous easement, and no claim of a right of way by necessity, we are unable to find that the complainant has acquired any right of way in Conimicut avenue (so-called) merely by the exhibition of a plat to him prior to the sale of the land to him, on which plat there was a street delineated and shown under the name of Conimicut avenue.

In the case of *Providence Tool Co.* v. *Corliss Steam Engine Co.*, 9 R. I. 564, 572, which was a bill in equity to restrain the respondent from shutting up a certain way leading from a public highway to the works of the complainant, over land of the respondent, on the ground expressly set forth by the complainant that, at the time of the execution of the deed to the predecessor in title of the complainant, the way in question had been created, was already existing, and being necessary to the

enjoyment of the estate conveyed, passed to the grantees as a way appurtenant to that estate; the court finds upon the evidence, that, at the time the deed was given, the way in question had not been opened to the land of the grantee; and that the way claimed was not a way of necessity; and in the course of the opinion the court says, on page 572, quoting from *Barlow* v. *Rhodes*, 1 C. & M. 439, as follows: "If a party means to grant a way which is not essential to the enjoyment of the premises demised, he must use the proper and apt words for that purpose." (p. 577) "It may be sufficient to say upon this point, that the way had not been opened, at the time this deed was executed, to the complainant's land; that any declaration of any intent that it should be, or that it should be made appurtenant to the estate, are not evidence to pass an interest in any estate, nor can any act of theirs, short of their deed, pass any such interest. . . . A public way may be given to the public without a deed, because by a deed it cannot be vested in them, but an individual right must be by deed." (p. 578) "The plaintiffs' further point is, that the defendants are estopped to deny the existence of this way because they had agreed that the grantees should enjoy such a way; that no consideration had been paid for it, and that the grantees have entered into the land and way, and expended large sums of money upon the faith of the agreement for the way. There is nothing in the facts for this to rest upon. There has been no expenditure which would not have been made without such agreement, and must necessarily have been made in the construction of their own works. Their agreement was by parol, if any, and was merged in the deed." The bill was dismissed.

In Goddard's Law of Easements (Bennett's Ed.) it is said in substance (pp. 264 and 265), that if a plan showing streets be shown and annexed to a deed, or referred to in a deed, the vendor would probably be estopped from denying an easement; but "if the plan should be merely exhibited at a sale of land and there should be no reference to it in the conveyance, it is difficult to see by what precise means the purchaser could

become entitled to a right; it scarcely seems there could be any grant implied; for to imply such a grant would be like adding a term to a written contract by parol evidence, nor is it likely that there could be any right by estoppel; for there is nothing in the deed whereby the vendor could be estopped; the probability is, therefore, that the purchaser would acquire no right to a way at all; but possibly he could sue the vendor for damages."

In the case of *Glave* v. *Harding*, 27 L. J. (N. S.) Com. Law (Exch.), 286, 292, which was expressly referred to on the complainant's brief, it appeared that prior to the lease of the land, some sort of a plan was exhibited showing ways; but the plan was not so referred to in the lease or made a part thereof as definitely to point out the way claimed, or to make it expressly a part of the grant; and the court in concluding its opinion says (p. 292) "The plaintiff's claim to the right of way depending upon the lease, and the position of the premises at the time it was granted, no question of intention can enter into the decision. The right is not granted in terms, nor by implication, as a continuous and apparent easement; therefore it was not granted at all and there was no evidence of it, and the defendant is entitled to a new trial."

In the case of *Squire* v. *Campbell*, 1 Myl. & Cr. 459, 478, also specially referred to by complainant's brief, which was a bill in equity to enjoin the erection of a statue in an open space in London, which was shown as an open space on a plan exhibited to the lessor before the lease was made, and by which plan it appeared that the space was to be quite open and free from obstructions, it appeared that this portion of the plan was not shown annexed to the lease, nor made a part thereof. The Lord Chancellor in his opinion (p. 479) says: "The Plaintiff's case is not that a provision has been omitted out of the lease, by fraud, misapprehension, or mistake; and it is therefore unnecessary to consider what might be the effect of such a case stated and proved; but his case is that, independently of what was stipulated for by the agreement, and of what was provided for by the deed, a separate and distinct contract arose from the

mere exhibition of the plan.   Can there, however, be such a separate contract?   There was but one object, and one thing contracted for: the agreement had various terms, but all constituted but one agreement; and if so, then the parol agreement was merged in the written contract, if there was one, and both were merged in the deed."   And the court, after an elaborate review of authorities, concludes that the injunction must be dissolved, although suggesting that if the plaintiffs conceive themselves aggrieved, the remedies of the law are open to them. See also *Wells* v. *Company*, 47 N. H. 235, 253, 254; *Comstock* v. *Van Deusen*, 5 Pick. 162;   I Jones on Real Prop. in Conv., §§ 335, 336, 339, 342.

In view of the principles laid down in the foregoing cases, we find that the complainant acquired, by virtue of his deed, no right of way in Conimicut avenue, as shown upon the plat; and that therefore he acquired no equitable right to have the same opened and laid out as shown upon said plat; and that the bill in this cause cannot be sustained.

We therefore find no error in the decree of the Superior Court dismissing said bill, and the same is therefore affirmed.

This appeal is dismissed, and the cause is remanded to the Superior Court, for further proceedings.

*James A. Williams*, for complainant.

*Irving Champlin, James Harris*, for respondent.